## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NORMAN SHAW, JR.,

                Plaintiff,

v.                                         Case No. 24-cv-2300-EFM-TJJ

CHRIS HOWELL,

                Defendant.

## ORDER GRANTING *IN FORMA PAUPERIS* STATUS
## BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT

Plaintiff, proceeding *pro se*, has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 3) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

Based on the information provided in his Affidavit of Financial Status, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] In this case, a pre-service review is appropriate as it appears this action is frivolous or malicious, or fails to state a claim on which relief may be granted and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) is GRANTED, but service of summons and the Complaint upon Defendant shall be withheld pending further order of the Court.

**IT IS FURTHER ORDERED** that a copy of this order shall be mailed to Plaintiff at the address listed in the complaint.

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012) (the duty to dismiss arises with the determination that statutory grounds exist for dismissal, but the only time restriction established by § 1915(e)(2) is that dismissal must occur "at any time" after *in forma pauperis* status has been granted).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

2

**IT IS SO ORDERED.**

Dated July 15, 2024, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

3